# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| Eric Reeves & Angela Denise Reeves | Bankruptcy Case No. 09-8029 |
| Debtors | Adversary Proceeding No. 11-09058 |

Angela Denise Reeves
Plaintiff               **AMENDED COMPLAINT**

v.

Fearrington Properties LLC
Defendant

Plaintiff, by and through her attorney, Inez de Ondarza Simmnons, brings this amended action pursuant to North Carolina General Statute 57C and hereby alleges and says as follows:

## JURISDICTION AND PARTIES

1.  Plaintiff is a member of Fearrington Properties, LLC, and owns 23.81 percent of the interest in Fearrington Properties, LLC and is a resident of Wake County, North Carolina.

2.  Fearrington Properties, LLC (hereafter "Fearrington') is a North Carolina Limited Liability Company and is and has been at all times duly organized under the laws of North Carolina since the 28th day of December 1998. Paul Elwood Fearrington and Sandra L. Fearrington were the original members.

3.  The court has personal jurisdiction over the Defendants pursuant to N.C. Gen. Stat. 1-75.4.

## FACTS INCORPORATED IN ALL CLAIMS FOR RELIEF

4.  Paul Elwood Fearrington and Sandra l. Fearrington were the original members pursuant to the Operating Agreement of Fearrington. A copy of the Amended Operating Agreement is attached as Plaintiff's Exhibit A.

5.  Pursuant to the Amended Operating Agreement two capital investments were made into Fearrington by Paul and Sandra Fearrington net of any assumed debt of Four hundred and forty-nine thousand dollars ($449,000) giving each a fifty percent (50%) interest of the company.

6. The Plaintiff is a member of Fearrington and owns twenty-three point eighty-one percent (23.81%) interest of Fearrington pursuant to an Exhibit attached to the Amended Operating Agreement.

7. Pursuant to Article II of the Amended Operating Agreement, the purpose of the company is "to engage in the commercial activities associated with forestry management, horticulture and agriculture…the purpose of the Company shall be to receive contributions of property from the Members as provided herein,, to hold such property for investment and development, to sell all oar any part of such property and to reinvest the proceeds there from for investment purposes in stocks, bonds, securities, real estate or any other property…all in such manner as the Manager may, in their sole discretion, determine in good faith to be for the mutual benefit and for the general furtherance of the respective financial purposes, including, but not limited to, the following:
> a) provide resolution of any disputes which may arise among the family in order to preserve the family harmony and avoid the expense and problems of litigation;
> …
> d) Increase family wealth;" among other provisions.

8. Pursuant to Article III of the Amended Operating Agreement, the company's real property has a gross asset value and agreed upon fair marked value of $898,000.

9. Pursuant to Article IV, paragraph 4.1 of the Amended Operating Agreement, the Profits and Losses for any Fiscal Year of the Company shall be allocated among the Interest Holders in accordance with their respective Percentage Interests.

10. Pursuant to Article V, paragraph 5.2 of the Amended Operating Agreement, the Managers of Fearrington "shall manage and control the business and affairs to the best of their ability and shall use their best efforts to carry out the purposes of the Company as set forth herein: (i) to expend the Company's capital and income in furtherance of or relating to the Company's business and purposes…."

11. Pursuant to Article VI, paragraph 6.1 the Managers "shall maintain or cause to be maintained financial records and books of account showing all receipts and expenditures, assets and liabilities, profits and losses, and all other records necessary for recording the Company's business and affairs including those sufficient to record allocation and distributions required by the provisions of this Agreement."

12. Pursuant to Article VI, paragraph 6.2 all books of account and all documents shall be kept on record at the registered office of the Company in North Carolina and all members are to have access to these records with reasonable notice.

13. Pursuant to Article VI, paragraph 6.3 the Managers of the Company are to open and maintain a bank account on behalf of the Company.

14. Plaintiff brings this action on behalf of herself and as a minority member of Fearrington in order to obtain relief from this Court to require the manager to fairly and

adequately represent its interests as a minority member of Fearrington and otherwise to enforce the rights of Fearrington.

15. The manager of Fearrington has failed to take action to enforce the rights and properly enforce the interests of Fearrington.

16. The Plaintiff is informed and believes that the manager of Fearrington has grossly mismanaged Fearrington, by according to himself preferential treatment and preferential treatment to some members of Fearrington.

17. Fearrington has not made any distributions to Plaintiff and it is not known whether any other members have received any distributions.

18. That Plaintiff is and has been a member of the LLC for all relevant times to this Complaint.

### FIRST CLAIM FOR RELIEF
### (Accounting and Inspection of Corporate Records)

19. Paragraphs 1-18 are hereby incorporated by reference as if set forth herein.

20. As a member of Fearrington, pursuant to N.C. Gen.Stat. 57C and Article IV, paragraph 6.2, Plaintiff is entitled to all corporate records and an accurate accounting of corporate revenues, income, debt, obligations, liabilities, distributions, and assets.

21. Demand for the same has been made to Fearrington and to date Defendant has refused to respond to or comply with demands.

22. Plaintiff is entitled to receive the information requested and to recover damages, including costs and reasonable attorney's fees, for Defendant's failure to comply with her demand.

### SECOND CLAIM FOR RELIEF
### (Derivative and Individual action for Breach of Fiduciary Duty, Duty of Good Faith, and Duty of Loyalty and Due Care)

23. Paragraphs 1-22 are hereby incorporated by reference as if set forth herein.

24. Pursuant to N.C. Gen. Stat. 57-3-22 the managers of Fearrington owe Plaintiff a duty to act in good faith, a duty of loyalty, and a duty to act with the care of an ordinary prudent person in a like position under similar circumstances.

25. That furthermore, the managers of Fearrington had a duty, *inter alia*, to:

> a. account to its members and hold as trustee for the LLC any property, profit or benefit derived by the member in the conduct of the LLC's business or derived from a sue by the member of the LLC's property.
> b. discharge its duties and exercise any of his rights consistently with the obligation of good faith and fair dealing which it owes to the LLC and the other members.

26. That, as described more fully above, the managing member has breached his fiduciary duties of good faith, due care, and loyalty. The managing member also breached his duty to account to the LLC and hold as trustee for it any profit or benefit derived without the informed consent of the members by the manager from any transaction connected with the formation, conduct, or liquidation of the LLC or from any personal use by the manager of its property as set out in N.C. Gen. Stat. §57C-3-22(e).

## THIRD CLAIM FOR RELIEF
### (Dissolution/Frustration of Minority Shareholder Expectations)

27. Paragraphs 1-26 are hereby incorporated by reference as if set forth herein.

28. That Plaintiff is excluded from the management or operation of Fearrington and has not received any information in regards to the accounting of Fearrington.

29. The managing member has created conflicts of interest with certain other members wherein entity assets have benefitted the managing member with the consent of certain other members of Fearrington in conflict with the entity's purpose and in detriment to Plaintiff.

30. That dissolution and/or liquidation of Fearrington is necessary because assets of Fearrington, upon information and belief, are being misapplied and/or wasted or unequally distributed to other members of Fearrington.

31. Based on the strained relationship between Plaintiff and the managers and members of Fearrington as described herein, dissolution and/or liquidation of Fearrington is reasonably necessary for the protection of the rights or interests of Fearrington and other members.

32. In the alternative, Plaintiff is entitled to have its membership interest purchased at its fair value, ad determined by the Court, pursuant to N.C. Gen. Stat. 57C-6-02.01(d).

33. That Plaintiff has expended substantial sums and expects to incur future sums for litigation expenses including attorney fees, investigations and other related costs.

WHEREFORE, Plaintiff prays that the Court grant the following relief:

1. For an accounting as to the current value and stake of Plaintiff's ownership;

2. For an order compelling the inspection and copying of the corporate records of Fearrington;

3. For such damages as may be proved at trial owed to Plaintiff for Fearrington's breaches of its fiduciary duties and its duties of good faith, loyalty and due care;

4. For an order of dissolution of Fearrington pursuant to N.C. Gen. Stat. 57C-6-02, or purchase of Plaintiff's share at its fair value pursuant to N.C. Gen Stat 57C-6-02.2;

5. That Defendant be taxed with the costs of this action including the payment of Plaintiff's reasonable attorney's fees as permitted by law; and

6. For such other and further relief as this Court deems just and proper.

This is the 9 day of September 2011.

                              **DE ONDARZA SIMMONS PLLC**

                              _s/_ Inez de Ondarza Simmons
                              Inez de Ondarza Simmons
                              NCSB No. 34304
                              P.O. Box 948
                              Raleigh, NC 27602
                              (919) 827-4381 tel
                              (919) 573-9143 fax